IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:13-CR-411-D(01) |
| VS. § | |
| § | |
| ALBERTO CANALES, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Alberto Canales ("Canales") moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on alleged extraordinary and compelling reasons. For the reasons that follow, the court denies the motion.

I

Canales pleaded guilty to conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 (21 U.S.C. § 841(a)(1) & (b)(1)(C)). On March 25, 2016 the court sentenced him to 240 months' imprisonment to be followed by 3 years of supervised release.

On December 5, 2023 Canales filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines, which the court denied on January 31, 2024.

On May 29, 2024 Canales filed yet another motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines, which the court

denied on October 31, 2024.

On January 28, 2025 Canales filed the instant consolidated motion for compassionate release/motion for sentence reduction under 18 U.S.C. § 3582 and United States Sentencing Guideline ("U.S.S.G.") 1B1.10(3), and motion for appointment of counsel. On January 30, 2025 the court denied the portion of Canales' consolidated motion that sought the appointment of counsel, and separately denied his motion for an order directing the government to procure/produce petitioner's post rehabilitation documents in support of his motion to reduce sentence. The court then ordered the government to respond to Canales' January 28, 2025 motion, which it did on February 19, 2025. Canales' reply, had he opted to file one, was due on March 27, 2025. Canales' motion is now ripe for decision.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[1] When deciding whether to modify a term of imprisonment, the court

---

[1] Canales states, without providing any details or evidence in support, that "Petitioner exhausted his administrative remedies." D. Mot. (ECF No. 261) at 3. Because doing so does

must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

III

Canales moves for compassionate release based on four "extraordinary and compelling reasons": he has been incarcerated for over 10 years of his sentence; he received an unusually long sentence; he has a "medical condition"; and he has a remarkable record of rehabilitation. D. Mot. (ECF No. 261) at 3. But Canales does not elaborate on any of these alleged "extraordinary and compelling reasons." Nor does he provide any pertinent details that might enable the court to determine whether any of these reasons—such as, for example, his alleged "medical condition"—is sufficiently extraordinary and compelling to justify a reduction in sentence.

Accordingly, the court finds that Canales has failed to identify extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

---

not change the outcome in the decision on Canales' motion, the court will assume *arguendo* that he exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

- 3 -

IV

Even if Canales *had* demonstrated an extraordinary and compelling reason for a reduction in his sentence, the court would nevertheless deny his motion after considering the § 3553(a) factors.

As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). "When a district court denies a motion for compassionate release, it must give '"specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

In this case, Canales is currently serving a 240-month sentence for conspiring to distribute a large amount of cocaine and methamphetamine, drugs that are extremely

- 4 -

deleterious to users and the community at large. He was the Director of Operations for the State of Texas for the Cavazos Drug Trafficking Organization for several years before his arrest and received an aggravating role adjustment. Based on Canales' conduct and aggravating role, he faced a guideline range of 360 months to life, but because of his plea deal, his sentence was capped at 240 months. Canales is not eligible for release from prison until October 19, 2029. If the court grants his motion, it will be ordering him released more than *4 years* before he would otherwise be eligible. In the court's view, the sentence that the court originally imposed is required to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Consideration of the remaining factors does not persuade the court that a lower sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'").

Weighing the pertinent § 3553(a) factors together, the court concludes that Canales' sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need

to afford adequate deterrence to criminal conduct").

\* \* \*

Accordingly, Canales' January 28, 2025 motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

**SO ORDERED**.

April 3, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE